MARY C. PORTER, PLAINTIFF, v. WILLIAM M. PARKS AND BENJAMIN G. SMITH, DEFENDANTS.

*Agent — letters from, to principal — not admissible against third person — General objection — when sufficient.*

Letters from an agent to his principal cannot be given in evidence against a third person.

When evidence is necessarily and obviously improper, a general objection is all that is required.

MOTION for a new trial, on exceptions ordered to be heard in the first instance at the General Term.

This action was brought to recover the value of certain shares of stock belonging to the plaintiff, which had been deposited with the defendants by the plaintiff's brother, William C. Porter, as security for advances made to him. The case has already been before the Court of Appeals, and is reported in 49 New York, at page 564.

The facts upon which the decision of the General Term was based, appear in the opinion.

*Van Winkle, Candler & Jay,* for the plaintiff.

*F. F. Marbury,* for the defendants.

BARNARD, P. J.:

It was a vital question to the plaintiff's recovery in this action, whether the defendants, at the time of the hypothecation of the stock in dispute, had notice of the plaintiff's ownership. There

was a direct conflict between the evidence of William C. Porter and William M. Parks, on this subject.

The defendants called as a witness, Henry Stanton, the agent of William C. Porter. He testified that he did not hear any communication of the fact, that Miss Porter owned the stock, made to Parks, upon the occasion when William C. Porter says he made it. Upon the former trial, Stanton had been sworn for defendants, and upon his cross-examination, plaintiff had been permitted, without objection, to read extracts from his letter to William C. Porter, in which Stanton spoke of the scrip, as belonging to plaintiff, as safe, and that he would see it would not be jeopardized; that he did not recollect whether he told Parks the same thing. Upon this trial, the plaintiff offered to read the former cross-examination of Stanton, and defendants' counsel objected to the reading of the letter. This objection was overruled and an exception taken.

I think this ruling was erroneous. The letter did not bind the defendants. They were, as to them, acts between strangers. Letters from an agent to his principal cannot be given in evidence against a third person.* 

The objection was sufficiently specific. When the evidence is necessarily and obviously improper, a general objection is all that is required.

We think for this error, the judgment should be reversed and a new trial granted, costs to abide event.

Present — BARNARD, P. J., TAPPEN and TALCOTT, JJ.

New trial granted, costs to abide event.